CAPRETTA *v.* CAPRETTA ET AL.

(Decided June 4, 1928.)

*Messrs. Nicola & Horn,* for plaintiff.
*Mr. William H. Chapman,* for defendant.

SULLIVAN, P. J.   This cause is here on appeal proceedings from the court of common pleas of Cuyahoga county, and it appears that the plaintiff, Serafino Capretta, and the defendant, who is similarly named, contracted partially in writing and partially orally that the plaintiff should sell the defendant

certain property described in the petition, which was then and there owned by three minor children of the plaintiff, for the sum of $9,850, and, to bind the bargain, the defendant deposited $100 to apply on the purchase price, and it was agreed that the defendant should take possession, collect the rents and notify the tenants, and was further agreed that plaintiff would execute a good and sufficient deed in about three weeks time. Thus it will be seen that a contract was entered into without resort up to that time to the statutory procedure wherein the probate court is the proper tribunal, where real estate of minor children is to be disposed of by sale.

Thus it will be seen that at the time of this contract there was no guardian, or at least no action by any guardian, in conformity to the provisions of the statutes applicable to such cases.

It is unnecessary to examine the conflicting evidence as to the details of the agreement with relation to the collection of rents, the notification of tenants, and other similar matters, because of a vital situation in the record which is compelling in its legal force. There is credible evidence, however, to support the theory that the plaintiff had complied with the conditions of the original contract, although, as above noted, the testimony thereon is conflicting.

Obviously the terms of the contract were not capable of effectuality, depending upon the terms of the contract alone, and it became necessary to resort to the procedure under the statutes relating to the sale of lands belonging to minors. These statutes specifically set forth the manner of procedure, and it is necessary thereunder that a guardian of the

property of the minors, at least, be duly appointed, and that a petition with proper allegations be filed in the probate court, setting up the necessity or benefit of selling the real estate for the benefit of the minors, because ordinarily it is only for their benefit and for the good of the estate that the property of minors can be disposed of during minority.

It appears that there was conformity to the provisions of the statute by the appointment of a guardian, the filing of a petition, the issuing of process, and the order and decree of the court, and the doing of everything else that was legally necessary, except the acts of the defendant taking the deed and delivering the consideration for the property. These things the defendant refused to do, although $100 had been paid as earnest money and $6,450 deposited in escrow, all of which had been demanded by the defendant from the escrow company, who refused to conform to the requirements.

Under this situation and status, the plaintiff in his capacity of guardian brought action for specific performance of the terms under the escrow agreement, and to this action a demurrer was filed, sustained, and judgment of dismissal entered, and thereupon this plaintiff, individually, under the original contract above noted, and relying upon the probate court procedure, brought the instant action for the performance of the terms of the contract, and argues that, inasmuch as the probate procedure is in conformity to the terms of the original contract, and the agreement and all its terms have been fulfilled by the plaintiff, equity requires that under these and all the other circumstances of the record the defendant should be required to fulfill the terms of his

contract and perform the things which he obligated himself to do. This argument is plausible, but it leaves out of consideration the vital element in legal procedure that the plaintiff, before he can demand anything of a defendant in a court of equity, must have some rights which accrue to him either directly or indirectly, either as an individual or as a guardian, or in some other official or administrative capacity.

In the instant case, however, plaintiff is the individual, and, while he is the father of the minor children, as a matter of law, so far as the right to sell the children's property is concerned, he stands in the same relation as a stranger, because he has no more prerogative than a stranger to the transaction, and it is such a plaintiff who is praying that a court of equity compel defendant to perform certain obligations to him as an individual which do not exist, for the reason that, when the obligations were assumed, the defendant was under no legal responsibility to plaintiff to perform any of the things agreed upon, because the plaintiff himself was a stranger to the transaction, in face of the fact of the minority of his children. He who asks equity must not only do equity, but he must be in a position where, if he refuses equity, it can be compelled, and in the case at bar the defendant would have no basis of right to compel the plaintiff to perform any of the terms of the original agreement.

The proceedings in probate court are proof of the fact that the contract itself was a nullity and incapable of performance standing alone, and, even though recourse was had to probate procedure, solemn as it is, it in no way made effectual the

original contract. If there was a decree issued requiring the defendant to perform, it would be the doing of certain things for the plaintiff, the individual, which the plaintiff has no right to claim, because, under the statutes relating to real estate owned by minors, plaintiff, even though he is a father, has no legal right, or interest. Thus it would be a useless thing to decree specific performance against the defendant and in favor of the plaintiff, because there is no legal obligation due plaintiff from the defendant with regard to the subject matter of this action under the specific provisions of the statutes determining the exact procedure.

Plaintiff, before he is entitled to specific performance, must be able to say that the things to be done are due him, as an individual, under the contract, upon the same theory that the maker of a note is bound to make good to the payee.

The plaintiff in this case, therefore, in our judgment has no legal status to entitle him to what the prayer of his petition asks, and, instead of it being in conformity to the principles of equity to compel defendant to do what he does not have to do, it is contrary thereto, for the reason that to so do would not only be unjust and unlawful, but inequitable. In other words, there is no legal structure to be found in the record to compel the performance of the thing prayed for.

Holding these views, a decree may be entered for defendant.

*Decree for defendant.*

VICKERY and LEVINE, JJ., concur.